# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| **DEMETRIUS JAMES**<br><br>**Plaintiff,**<br><br>v.<br><br>**PROFESSIONAL CONTRACT SERVICES, INC.,**<br><br>**Defendant.** | No.  CV 422-296<br><br>**PLAINTIFF REQUESTS JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff, Demetrius James ("Demetrius"), through his undersigned counsel, for his Complaint for Damages against Defendant, Professional Contract Services, Inc. ("PCS"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant, PCS, pursuant to Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000e, et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, to recover damages, including, but not limited to, back pay, front pay, compensatory and punitive damages, plus attorneys' fees and costs, arising out of Defendant's discrimination against Plaintiff based on his sex and disability, as well as Defendant's retaliation and creation of a hostile workplace against Plaintiff for complaining about and filing an EEOC charge relating to continuous and ongoing unlawful sexual harassment and retaliation in the workplace.

## THE PARTIES

2. Plaintiff is an individual who is domiciled in, and a citizen of, Georgia.

3. PCS is a Texas corporation with its principal place of business in Texas that is a citizen of Texas.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different States and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

5. Additionally, this Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 42 U.S.C. 2000e-5(1)(3) because it involves a federal question.

6. Venue is proper in this district pursuant to 28 U.S.C §1391(b)(2) because this is the district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## BACKGROUND

7. Plaintiff is a male, heterosexual, mentally and emotionally disabled person who suffers from schizoaffective disorder, chronic post-traumatic stress disorder (PTSD) and major depression.

8. Defendant, PCS, is a nonprofit organization that performs custodial and maintenance services for state and federal government institutions.

9. PCS claims to specialize in the employment of persons with disabilities.

10. Defendant hired Plaintiff on April 19, 2018, as a floor technician at the Winn Army Community Hospital and associated outbuildings at Fort Stewart, Georgia (the "Hospital").

11. Plaintiff was employed by PCS from April 19, 2018 to June 3, 2022, when he was wrongfully terminated by PCS.

12. At all relevant times, PCS knew that Plaintiff was disabled as described in Paragraph 7.

13. On July 10, 2020, Plaintiff was sexually assaulted by a co-worker named Donovan Mullins ("Mullins"). The sexual assault involved Mullins putting his hand on Plaintiff's buttocks.

14. On or around July 15, 2020, Plaintiff informed one of his supervisors, Alton Miller, about the assault. Plaintiff requested that PCS station Mullins in a different part of the Hospital to limit their contact. PCS promised to move Mullins away from Plaintiff.

15. On or around July 16 and July 17, 2020, Mullins was allowed into Plaintiff's work area where he began harassing Plaintiff.

16. On July 17, 2020, Plaintiff reported the sexual assault by Mullins to the Fort Stewart military police.

17. On or around July 17, 2020, PCS' human resources department, through an employee named Donna, accused Plaintiff of fabricating his complaint of sexual assault against Mullins.

18. PCS began its investigation of Plaintiff's sexual assault complaint on July 20, 2020 and concluded it on July 27, 2020, allegedly finding insufficient evidence to substantiate Plaintiff's complaint.

19. On July 28, 2020, the Army held a mandatory meeting at the Hospital for PCS employees. A purpose of the meeting was to train PCS employees on the Army's SHARP program, which stands for Sexual Harassment/Assault Response and Prevention (the "SHARP meeting")

20. On July 28, 2020, when Plaintiff arrived for the SHARP meeting, he noticed a room full of seats facing the front of the classroom where a speaker was giving a training session. Plaintiff noticed several open seats in the audience.

21. At the SHARP meeting, Erick Chandler, a PCS Supervisor, directed Plaintiff to sit at the front of the room next to the speaker, facing the audience and within feet of Mullins, who was facing Plaintiff. No one else was seated next to the speaker facing the audience. By seating Plaintiff at the front of the class, next to the speaker and facing Mullins and the rest of the audience, Chandler knew or should have known that other attendees would get the impression that the meeting was about Plaintiff, who had just recently complained about sexual harassment by Mullins. When the SHARP training started, Plaintiff suffered unbearable embarrassment and humiliation, causing him to need to excuse himself from the meeting. Due to his fragile emotional state, Plaintiff injured his hand leaving the meeting.

22. Upon information and belief, PCS, through Chandler, with knowledge of Plaintiff's sexual assault complaint and mental disability, intentionally or recklessly directed Plaintiff to sit next to the speaker, facing Mullins and the rest of the audience, to inflict extreme

4

emotional distress, humiliation and embarrassment on Plaintiff: (1) in retaliation for complaining about the sexual assault by Mullins, (2) to embarrass Plaintiff for being a man complaining about a sexual assault by another man, and (3) to discriminate against Plaintiff because of his mental disability.  PCS likely would not have treated Plaintiff in this manner if he was a non-disabled woman complaining about sexual harassment by a man.

23. PCS created a permanent hostile workplace for Plaintiff that lasted from July 10, 2020 to June 3, 2022, resulting in him feeling intimidated, violated and discriminated against.

24. To make matters worse, on or about August 5, 2020, PCS, through human resources employee Tanya Newmarch, filed a Disciplinary Action Report ("DAR") against Plaintiff ostensibly for leaving the SHARP meeting early.  In reality, Newmarch filed the DAR report against Plaintiff in retaliation for making his sexual harassment complaint and because Plaintiff was a disabled man complaining about a sexual assault by another man. Newmarch knew or should have known that filing the DAR against Plaintiff it would cause extreme emotional distress to Plaintiff.

25. Between August 5, 2020 and May 26, 2021, Defendant, through its management, continued to discriminate and retaliate against Plaintiff for filing a sexual assault complaint by falsely writing him up for various policy infractions which would not have resulted in write ups for non-disabled employees or employees who had not complained about sexual harassment. These alleged policy infractions were merely a pretense for Defendant's discrimination and retaliation against Plaintiff.  On June 3, 2022, the same day that PCS filed its response to Plaintiff's EEOC Charge, PCS terminated Plaintiff in furtherance of its discrimination,

retaliation and hostile workplace against him. PCS' discrimination, retaliation and hostile workplace against Plaintiff was continuous from July 10, 2020 to June 3, 2022.

26. Plaintiff timely filed a charge of discrimination against PCS with the EEOC. On September 22, 2022, the EEOC issued a "Notice of Your Right to Sue" to Plaintiff. This action was filed less than 90 days after Plaintiff's receipt of the Right to Sue notice.

## COUNT I-VIOLATION OF THE CIVIL RIGHTS ACT, 42 U.S.C. §2000e

27. Plaintiff repeats and realleges paragraphs 1-26 as though fully set forth herein.

28. Plaintiff was damaged in that his rights were violated and he suffered mental and emotional distress, physical injuries, medical bills, loss of enjoyment of life and lost wages and income.

29. Defendant's actions intentionally discriminated and retaliated against Plaintiff in violation of the Civil Rights Act of 1964 and 1991, entitling Plaintiff to compensatory and punitive damages against PCS.

WHEREFORE, Plaintiff, Demetrius James, respectfully prays that this Court enter judgment in his favor and against defendant, Professional Contract Services, Inc., in the amount of at least $300,000, plus interest and attorneys' fees and costs.

## COUNT II-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 USC §12101, et seq.

30. Plaintiff repeats and realleges paragraphs 1-29 as though fully set forth herein.

31. Plaintiff was damaged in that his rights were violated and he suffered mental and emotional distress, physical injuries, medical bills, loss of enjoyment of life and lost wages and income.

32.     Defendant's actions intentionally discriminated and retaliated against Plaintiff in violation of the Americans with Disabilities Act of 1990, entitling Plaintiff to compensatory and punitive damages against PCS.

WHEREFORE, Plaintiff, Demetrius James, respectfully prays that this Court enter judgment in his favor and against defendant, Professional Contract Services, Inc., in the amount of at least $300,000, plus interest and attorneys' fees and costs.

                Respectfully Submitted,

                DEMETRIUS JAMES

                By:     /s/ Kevin J. Kuhn
                      His Attorney

Kevin J. Kuhn
KUHN FIRM P.C.
2 E. Bryan St., Suite 420
Savannah, GA 31401
kkuhn@kuhnfirm.com
912-574-4373
*Attorney for Plaintiff*