UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DEMETRIUS JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV422-296 |
| | ) |
| PROFESSIONAL CONTRACT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court previously stayed this case "until the EEOC concludes its investigation of Plaintiff's Second Charge, or until February 9, 2024, whichever is earlier." Doc. 33 at 4; *see also* doc. 38. The prior Orders also directed Plaintiff "to file a notice within 14 days of the EEOC's conclusion of its investigation, and to attach a copy of the agency's final determination." Doc. 38 at 2. To date, Plaintiff has not filed a notice of the EEOC's conclusion of its investigation. *See generally* docket. Prior to the expiration of the stay on February 9, 2024, Defendant filed a status report informing the Court that, to the best of its knowledge, "the EEOC's investigation of Plaintiff's second charge remains pending . . . ." Doc. 39 at 2. Therefore, Defendant requests that the stay continue pending the

EEOC's issuance of a Notice of Right to Sue as to Plaintiff's Second Charge. *Id.*

Today, on the date the stay was due to expire, Plaintiff contacted the undersigned's Courtroom Deputy Clerk via email with correspondence suggesting that Defendant is correct, and that the EEOC is still investigating his Second Charge. As Plaintiff has been reminded before, it is improper to contact Court staff via email, especially to request that Court staff file documents on his behalf. He is **DIRECTED** to no longer contact any Court staff via email, including the undersigned's Courtroom Deputy Clerk, Ms. Davenport, unless specifically instructed by a direct Order. If Plaintiff has any questions about filing documents into his case, he is free to call the Clerk's Office or visit the Clerk's Office in person during its business hours. He is reminded that neither the Clerk's Office nor any other Court staff can or will give him legal advice. He is warned that failure to comply with this explicit direction may subject his case to dismissal. *See, e.g.*, Fed. R. Civ. P. 41(b); S.D. Ga. L. Civ. R. 41.1(b).

Given the Defendant's representation, apparently confirmed by Plaintiff, that the EEOC's investigation remains ongoing, the Court finds

good cause to extend the current stay. *See, e.g.*, doc. 33 at 3-4. Therefore, this case remains **STAYED** until the EEOC concludes its investigation of Plaintiff's Second Charge, or until May 10, 2024, whichever is earlier. Plaintiff is still **DIRECTED** to file a notice within 14 days of the EEOC's conclusion of its investigation, attaching a copy of the agency's final determination. Failure to comply with this direction may also result in a recommendation that this case be dismissed. *See, e.g.* Fed. R. Civ. P. 41(b). If the EEOC's investigation has not concluded by May 10, 2024, the parties are **DIRECTED** to file a joint status report on that date informing the Court whether they wish for the stay to continue.

    **SO ORDERED**, this 9th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA