IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DEMETRIUS JAMES, | |
| Plaintiff, | CIVIL ACTION NO.: 4:22-cv-296 |
| v. | |
| PROFESSIONAL CONTRACT SERVICES, INC., | |
| Defendant. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's August 5, 2025, Report and Recommendation, (doc. 108), to which Plaintiff has filed an objection, (doc. 109). The Magistrate Judge recommends the Court deny Plaintiff's filing, construed as a Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2), (doc. 80), deny Plaintiff's filing captioned as a "Summary judgment," (doc. 96), and grant Defendant's Motion for Summary Judgment, (doc. 88). (See doc. 108.) Plaintiff's filing objects to "all motions that [were] granted to defense," but does not specifically identify which argument relates to which recommended disposition. (See generally Doc. 109.) However, a review of each argument shows that it is meritless, no matter which recommended disposition it seeks to challenge. Therefore, for the reasons that follow, the objections are all **OVERRULED**.

Plaintiff first vaguely refers to "[f]orgery, t[a]mper with evidence and PDF, [and] edited documentation" as grounds for his objection to the Magistrate Judge's Report and Recommendation. (Doc. 109, p. 1.) He explains, or reiterates, his challenges to "the validity of the documentation presented by the defense," and claims "it has been forged or fabricated." (Id.)

He asks the Court to "conduct a thorough examination of the presented documents to ascertain their authenticity." (Id.) The Court has conducted a de novo review of the summary judgment record and the governing law and concurs with the Magistrate Judge's careful consideration of the Plaintiff's filings in response to Defendant's Motion and Statement of Material Facts. (See doc. 108, pp. 9-12.) Plaintiff's multiple, voluminous responsive filings did not meet any of the requirements under Federal Rule of Civil Procedure 56(c) or this Court's Local Rules. (Id.) Despite those failures, the Magistrate Judge still "consider[ed] all of Plaintiff's filings to determine whether any of them contain a response sufficient to controvert Plaintiff's Statements of Material Facts." (Id., p. 11 n. 1.) In doing so, the Magistrate Judge found that Plaintiff did not "point to any properly sworn testimony, either via deposition, affidavit, or declaration, that properly disputes PCSI's properly supported record of his termination, or any other material fact identified by PCSI." (Id., pp. 17-18.) The Court's de novo review confirms this finding.

Plaintiff's conclusory, vague, and unsupported reference to "forgery," and a general assertion that Defendant's evidence is invalid, (doc. 109, p. 1), is not enough to call that finding into question, or to raise any issue of material fact sufficient to overcome summary judgment. See, e.g., Smith v. Mobile Shipbuilding & Repair, Inc., 663 F. App'x 793, 798 (11th Cir. 2016) ("Once Defendant's summary-judgment motion was filed, it fell to [the pro se plaintiff] to show 'by affidavit or other evidence specific facts' sufficient to create a genuine issue for trial." (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992))). Defendant's Motion for Summary Judgment was supported by its Statement of Undisputed Material Facts, (doc. 88-1), which in turn cited to sworn deposition testimony and sworn affidavits, (see doc. 88-2 (Appendix)). Defendant's documentary evidence was authenticated and affirmed by these sworn statements. (See generally docs. 88-5, 88-6, 88-7, 88-8, 88-9; see also docs. 88-3 (Plaintiff's deposition

transcript), 88-4 (Exhibits from Plaintiff's deposition)). Nothing in Plaintiff's objection, including his conclusory assertion that some unspecified document is a "forgery," alters the Court's determination that Defendant properly supported its Motion for Summary Judgment.

Plaintiff next argues that the Defendant "failed to provide any compelling evidence proving that [he] posed a threat to anyone," which he contends "significantly weakens their claims." (Doc. 109, p. 1.) However, the Magistrate Judge's recommended disposition of Defendant's Motion for Summary Judgment does not rely on Defendant demonstrating that Plaintiff posed a threat. (See doc.108, pp. 19-26.) Instead, the Magistrate Judge correctly found that several of Plaintiff's claims are untimely, (id., pp. 19-22), that Plaintiff's disciplinary reports were not "materially adverse actions," (id., pp. 24-25), and that Defendant successfully put forward legitimate, non-discriminatory, non-retaliatory reasons for Plaintiff's termination and the disciplinary reports, and Plaintiff failed to rebut those reasons with any evidence of pretext, (id., pp. 25-26). While the Army's request to remove Plaintiff from the contract was based on the Army's assertion that Plaintiff had demonstrated inappropriate behavior, (id., p. 17), the grounds for Plaintiff's termination was not that underlying behavior, but instead the Army's request itself, (id., pp. 16, 25-26). Therefore, Plaintiff's argument that he has put forward evidence that "refutes any allegations of threats or intimidation," (doc. 109, p. 1), is not only incorrect, (see doc. 108, pp. 11-12), it is also irrelevant.

Plaintiff also argues that his termination "appears to lack a lawful basis," and, relatedly, that his termination, and, perhaps, the issuance of disciplinary reports, were all in violation of his contractual rights. (Doc. 109, p. 1.) Nothing in Plaintiff's conclusory objection alters the determination by the Magistrate Judge that the uncontroverted evidence shows the United States Army, pursuant to its contract with Defendant, requested that Plaintiff be removed from the

contract and not permitted to work at Fort Stewart. (Doc. 109, pp. 25-26.) Based on this showing, the burden then shifted to Plaintiff to show pretext, which he failed to do. (Id., pp. 23-26.) Like his prior vague and unsupported assertions, (doc. 108, p. 26), his objection does not overcome the Defendant's showing that Plaintiff was terminated for a legitimate, non-discriminatory, non-retaliatory reason. (See doc. 108, pp. 25-26). For the same reasons, his unsupported assertion that he has "substantiated [his] claims of retaliation and disability discrimination," (doc. 109, p. 1), does not alter the analysis.

Plaintiff finally argues that these proceedings have been "inherently biased," and there is an "imbalance in how the evidence from both parties is considered." (Doc. 109, p. 1). The record actually demonstrates that Plaintiff, despite his failure to follow the Federal Rules of Civil Procedure or the Court's Local Rules, has been given every opportunity to present his case. (See doc. 33 (staying case, instead of dismissal, after affording Plaintiff additional time to respond, to afford time for EEOC to finalize its investigation of Plaintiff's claim); doc. 76 (affording Plaintiff additional time to respond to overdue discovery requests instead of imposing any sanction); id., pp. 20-21 (explaining the process Plaintiff may follow to seek compulsory production of documentary materials); doc. 108, pp. 11-12, 11 n. 2 (explaining how the Magistrate Judge will consider all of Plaintiff's filings, despite his continued non-compliance with the governing rules, and overruling Defendant's objection to Plaintiff's multiple sur-replies). His dissatisfaction with the outcome and general assertion of bias in favor of Defendant is unfounded.

Plaintiff's objection also attaches several pages that contain citations to Federal statutes, generic references to state discrimination laws, and case citations and summaries. (Doc. 109, pp. 2-5). The relevancy of these citations to Plaintiff's objections are oblique. Some of them also appear to be either incorrect or non-existent. Compare, e.g., doc. 109 at 4 (citing "Smith v. S.

4

Central Bell Tel. Co. (1990)[,] . . . 683 F. Supp 1342 (M.D. Ala. 1988)"), with <u>Intermountain Forest Ind. Ass'n v. Lyng</u>, 683 F. Supp. 1330, 1342 (D. Wyo. 1988).  Because Plaintiff's objections are overruled, and his case is dismissed, any further action on Plaintiff's submission of potentially false case citations is moot.

For the forgoing reasons, Plaintiff's objections are **OVERRULED**, (doc. 109), and the Court **ADOPTS** the Report and Recommendation as its opinion, (doc. 108).  Plaintiff's Notice of Voluntary Dismissal, construed as a Motion to Dismiss under Federal Rule of Civil Procedure 41(a)(2), is **DENIED**.  (Doc. 80.)  Plaintiff's Motion for Summary Judgment is **DENIED**.  (Doc. 96.)  Defendant's Motion for Summary Judgment is **GRANTED**.  (Doc. 88.)  The claims asserted in Plaintiff's Complaint are all **DISMISSED**.  Therefore, Defendant's request for dismissal based on Plaintiff's alleged discovery violations is **DISMISSED AS MOOT**.  (Doc. 79.)  The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 2nd day of September, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA